# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ANDREA ST. JOHN** on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | )<br>)  **No.** 1:22-cv-<br>)<br>) |
| v. | )<br>)  **Hon.**<br>)  District Judge |
| **NORTH SHORE HOME CARE LLC, AN ILLINOIS LIMITED LIABILITY COMPANY AND MELODY LYNCH, INDIVIDUALLY** | )<br>)  Hon.<br>)  Magistrate Judge<br>) |
| Defendants. | )  ***JURY DEMAND***<br>) |

## COMPLAINT

NOW COMES Plaintiff, **ANDREA ST. JOHN,** ("Plaintiff"), by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants, **NORTH SHORE HOME CARE LLC AND MELODY LYNCH** (each a "Defendant", collectively the "Defendants" or "NSHC"), state as follows:

**I.  NATURE OF ACTION**

1.  This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq*.

**II.  JURISDICTION AND VENUE**

2.  Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 and the Portal-to-Portal Act, 29 U.S.C. §251 et seq., and for the supplemental state and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies

in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **NORTH SHORE HOME CARE LLC** ("NSHC") is a limited liability company that owns and operates an assisted living facility. NSHC offers a variety of elderly care services including medication management, exercise, food delivery and preparation, transportation, etc.[1] NSHC is located at 2770 Patriot Blvd. Suite 250 in Glenview, Illinois.

4. NSHC's business and services are carried out by "personal care attendants" that are assigned to NSHC's senior clients.

5. NSHC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6. During all relevant times, NSHC was acting directly or indirectly in the interest of the employer in relation to the worker/employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Defendant, **MELODY LYNCH** is the owner, principal and day-to-day manager of NSHC (any reference to "NSHC" in this Complaint shall include Melody Lynch, such that "NSHC" encompasses and refers to all Defendants).

8. In her capacity as owner and operator of NSHC, Lynch was vested with the authority to implement and carry out the wage and hour practices of NSHC. Plaintiff was

---

[1] https://northshorecare.org/

directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to the Lynch, who in turn responded to those communications with the authority described above.

9. Thus, at all times relevant hereto, Lynch was acting directly or indirectly in the interest of the employer in relation to the employee/worker Plaintiff and therefore as defined under both the federal and state statutes relied upon, are each an "employer".

10. Plaintiff, **ANDREA ST. JOHN** (hereinafter referred to as "Plaintiff") is a former care giver and personal care attendant for Defendants. Plaintiff worked for Defendants from approximately November 2021 to February 2022.

11. Plaintiff was based out of Defendants' Glenview, Illinois location, but spent many of her working hours off-site at client homes or other locations throughout the Chicagoland area as instructed by Defendants and/or their clients.

12. During Plaintiff's employment, NSHC improperly classified Plaintiff as a 1099 independent contractor and compensated Plaintiff on an hourly basis by which Plaintiff was only compensated her straight time regular rate for all hours worked. Defendants illegally failed to compensate Plaintiff overtime pay for hours worked over 40 per work week.

13. NSHC failed to reimburse Plaintiff for expenses she incurred within the scope of her employment, such as gas and vehicle expenses, ride-share and taxi trips to take Defendants' client to appointments, and the like.

14. NSHC also improperly deducted amounts from Plaintiff's pay, namely amounts NSHC deemed "taxes", without receiving proper, contemporaneous authorizations from Plaintiff. NSHC failed to use compliant deduction authorization forms such as amounts.

Plaintiff never received any itemized summary or any other documentation regarding these "taxes".

15. Lastly, Defendants failed to tender Plaintiff her final compensation for all wages earned in the pay period immediately preceding Plaintiff's separation from Defendants' business.

16. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present workers who work or worked for Defendants and were also a) improperly classified as 1099 independent contractors b) denied overtime wages resulting from Defendants' commission compensation plan c) were not reimbursed for expenses incurred within the scope of employment; and d) suffered unauthorized deductions from pay.

17. As workers/employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

### IV. STATUTORY VIOLATIONS

**Fair Labor Standards Act**

18. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* by failing to pay minimum and overtime wages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

19. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

20. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover from Defendants a) reimbursement of employee expenses incurred within the scope of employment b) unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action and c) final compensation from the last pay period following separation of employment. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

V. **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

21. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

22. Plaintiff, on a regular basis within the dates of employment referenced above, worked without pay at a rate of time and one-half for hours worked over 40 pursuant to the requirements of the federal and state statutes relied upon herein.

23. Plaintiff was employed by NSHC from approximately November 2021 to February 2022.

24. Plaintiff worked for NSHC as a care giver and personal care attendant ("PCA").

25. As a PCA, Plaintiff performed a variety of senior patient care duties at Defendants' place of business, client residences and off-site (doctor's offices, hospitals, grocery stores, etc.).

26. As a PCA, Plaintiff performed duties related to senior patient care such as cleaning, assisting with medication management, cooking and serving meals, transporting Defendants' clients to appointments, ran various errands, and otherwise provided companionship to senior clients of Defendants.

27. For the majority of Plaintiff's employment, Plaintiff typically worked at least 45 hours per week. At times, Plaintiff worked more than 50 hours per week.

28. Due to the nature of Defendants' business, the start and end times of each shift, work site and duties changed daily. The number of hours Plaintiff worked each day and each week varied.

29. Plaintiff clocked in and out using a mobile application ("app") prescribed by Defendants. Plaintiff also attempted to record her drive time through the app.

30. However, Plaintiff was not paid for time worked driving between patient homes, to and from appointments and errands on behalf of Defendants' clients, etc. Plaintiff spent a considerable amount of time during her shift, within the scope of her employment, driving between clients and driving clients to where they needed to be but was not paid for said time.

31. Plaintiff attempted to present driving times to Defendants for payment, specifically Melody Lynch. Defendants refused to pay Plaintiff for driving time.

32. Had Plaintiff been properly compensated for driving time, she would have incurred additional work hours and overtime hours that should have been due at the overtime rate of pay. For this reason, Plaintiff is owed additional regular and overtime wages for hours incurred driving for which she was not paid.

33. Plaintiff was paid by approximately $18.00 per hour. Plaintiff received her regular rate of pay for all hours worked, including overtime-eligible hours in excess of 40 in individual work weeks.

34. Plaintiff's first check was paid to her via personal paper check. The rest of Plaintiff's wages were paid to her via QuickBook transactions. Plaintiff never received a payroll check from Defendants.

35. NSHC also improperly deducted their wages from Plaintiff's pay without receiving proper, contemporaneous authorizations from Plaintiff, including through failure to use compliant deduction authorization forms.

36. NSHC deducted amounts they deemed "taxes" from Plaintiff's pay prior to tendering wages. Plaintiff never received any itemized summary or any other documentation regarding these "taxes". Further, Plaintiff was ultimately responsible for taxes each tax year as a result of NSHC's designation of Plaintiff as a 1099 independent contractor.

37. NSHC improperly designated Plaintiff as a 1099 independent contractor. As a result of Defendants' misclassification of Plaintiff as a 1099 independent contractor, NSHC improperly denied Plaintiff overtime wages and contributions to Social Security, Medicare, Medicaid, unemployment insurance, etc.

38. Throughout her time working for Defendants, Plaintiff:

    a) worked only for Defendants and did so on an open-ended and permanent basis,

    b) did not make a substantial investment in the business, facilities or equipment,

    c) did not hold herself out to the community as a professional for hire in a particular trade or industry,

    d) had no opportunity for profit or loss based on the quality of her work,

    e) did not control the nature of her work or work schedule or how her work was to be performed,

    f) did not engage in open market competition with other contractors in the same or similar trade or industry; or

    g) operate an independent business organization or operation.

39. As such, Defendants' classification of Plaintiff and other PCAs as independent contractors was illegal and improper. Plaintiff and similarly situated workers should have been classified as W2 employees entitled to hourly pay, overtime and other benefits of full-fledged employment, including employer contributions to Social Security, Medicare, Medicaid, etc.

40. Throughout the duration of Plaintiff's employment, Plaintiff was required to use her own vehicle, including gas, to transport patients. Additionally, Plaintiff was required to pay for ride-shares and taxi rides to transport Defendants' clients to appointments, errands, etc. Plaintiff incurred these and other similar expenses within the scope of her employment with NSHC.

41. However, NSHC did not reimburse Plaintiff for these job-related expenses and demurred to Plaintiff's requests for reimbursement. Defendants' failure to reimburse Plaintiff for expenses she incurred within the scope of her employment violated the IWPCA.

42. As detailed above, Plaintiff, nor any worker working for NSHC, performed duties that would satisfy any exemptions to the overtime provisions of the FLSA or IMWL. Rather, Plaintiff and others that worked for NSHC should have been paid hourly and received one and one-half their hourly rates of pay for all hours worked in excess of 40 in individual work weeks.

43. Lastly, Defendants failed to tender Plaintiff her final compensation upon Plaintiff's separation from Defendants' business. Plaintiff worked approximately 30 hours the last week she worked for Defendants.

44. Plaintiff inquired with Defendants numerous times regarding her final check. Defendants refused to tender Plaintiff her final compensation and instead directed their attorney to respond to Plaintiff's inquiries.

45. Defendants were required by the IWPCA to tender Plaintiff her final compensation no later than thirteen days after the end of the final pay period. Defendants failed to do so and as such, violated and continue to violate the IWPCA.

46. Plaintiff nor similarly situated workers were not exempt from the protections of the IWPCA.

47. Based upon information and belief of Plaintiff, NSHC paid all workers in the same manner Plaintiff was paid.

48. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation

is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

49. The claims brought herein by the named Plaintiff is based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present workers who were subject to the same non-compliant policies and practices alleged herein. Those past and present workers are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-49. Paragraphs 1 through 49 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 49 of this Count I.

50. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

51. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-51. Paragraphs 1 through 51 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 51 of Count II.

52. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

53. Pursuant to the Fair Labor Standards Act, Plaintiff and all others similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half

times the regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-53. Paragraphs 1 through 53 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 53 of Count III.

54. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

55. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-55. Paragraphs 1 through 55 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 55 of this Count IV.

56. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

57. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

58. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

59. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-59. Paragraphs 1 through 59 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 59 of this Count V.

60. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

61. Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

62. Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

63. During the course of employment of Plaintiff and the Plaintiff class, Defendants made deductions from Plaintiff's wages to cover the cost of amounts deemed by Defendants to be "taxes", without any showing by Defendants as to the real purpose of the deduction(s).

64. Such deductions (1) were not required by law; (2) were not to the benefit of Plaintiff or the Plaintiff Class; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiff or members of the Plaintiff Class.

65. During the employment of the named Plaintiff, Defendants failed to reimburse Plaintiff for necessary expenditures or losses incurred by the worker/employee-Plaintiff, and the Plaintiff Class, within the scopes of their employment and directly related to Defendants' primary senior care services in accordance with 820 ILCS §115/9.5. Defendants failed to comply with requests by Plaintiff for such reimbursement and/or with Defendants' own reimbursement policy in with the Act.

66. The IWPCA mandates that employers pay the final compensation of separated workers/employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. 820 ILCS § 115/5.

67. Following Plaintiff's separation from Defendants' business, Defendants illegally withheld and continue to withhold Plaintiff's final earned wages and compensation for work performed for the benefit of the Defendants prior to her separation. Defendants failed to tender Plaintiff her earned compensation, by way of non-payment of final, earned wages, as required by the IWPCA. 820 ILCS § 115/5.

68. Defendants violated numerous provisions of the IWPCA, as discussed above, by making unauthorized deductions from wages, failing to reimburse Plaintiff for expenses incurred within the scope of employment and in furtherance of Defendants' business and failing to tender final compensation.

69. Plaintiff was damaged by Defendants' violations of the IWPCA.

70. Plaintiff seeks certification of the IWPCA violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a) A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiffs;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

Respectfully submitted,

*Electronically Filed 04/15/2022*

/s/ Samuel D. Engelson
_____
Samuel D. Engelson

John W. Billhorn
Samuel D. Engelson
Attorney for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450